UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

DEVIN PETERSON, ARTHUR FIELDS and JASON MANUEL PENA,

                                                Plaintiffs,

-against-

Police Officer JOSEPH IMPERATRICE, Shield No. 03504; Police Officer SPENCER GARRETT, Shield No. 16468; Police Officer Jonathan Burke, Shield No. 04255; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                                Defendants.

------------------------------------------------------------------ x

15 CV 2139

JUDGE SCHEINDLIN

**COMPLAINT**

Jury Trial Demanded



MAR 20 2015
U.S.D.C. S.D. N.Y.

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiffs' rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

4.    Plaintiffs demand a trial by jury in this action.

**PARTIES**

5. Plaintiffs Devin Peterson, Arthur Fields and Jason Manuel Pena are residents of New York County in the City and State of New York.

6. Defendant Police Officer Joseph Imperatrice, Shield No. 03504 ("Imperatrice"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Imperatrice is sued in his individual and official capacities.

7. Defendant Police Officer Spencer Garret, Shield No. 16468 ("Garrett"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Garrett is sued in his individual and official capacities.

8. Defendant Police Officer Jonathan Burke, Shield No. 04255 ("Burke"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Burke is sued in his individual and official capacities.

9. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiffs do not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the

NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11.     At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

12.     At approximately 3:00 a.m. on March 22, 2014, plaintiffs were lawfully in Mr. Pena's home at 240 Madison Street in New York, New York.

13.     When plaintiffs attempted to leave the building through the lobby, defendants stopped them they were stopped by defendants without probable cause or reasonable suspicion to believe plaintiffs had committed any crime or offense.

14.     Defendant officers threw Mr. Peterson to the ground, kicked him several times and threw him into a wall.

15.     Mr. Fields was handcuffed, and then defendant officers assaulted Mr. Fields, throwing him to the floor and pinning him to the ground for approximately 10 minutes.

16.     Mr. Pena was placed in handcuffs and then an officer reached inside his pants.

17.     Without probable cause or reasonable suspicion to believe plaintiffs had committed any crime or offense, Mr. Peterson, Mr. Pena and Mr. Fields were then arrested and taken to the 7th Precinct.

18. At the precinct, plaintiffs were each subjected to strip-searches.

19. Officers pointed a Taser at Mr. Pena while strip-searching him and he was assaulted during the search.

20. Mr. Pena was taken in shackles by ambulance to Bellevue Hospital, where he was then handcuffed so tightly to a hospital bed that he could not feel his hands.

21. Mr. Pena was left handcuffed to the hospital bed for hours, and then defendant officers forcibly removed his pants while a nurse searched him, including the inside of his anus, despite the fact that he had been previously strip searched at the precinct and defendants lacked reasonable suspicion or probable cause.

22. Mr. Pena was then sedated intravenously against his will.

23. Mr. Pena lost consciousness and woke up still handcuffed to the bed.

24. Defendant officers took Mr. Pena to the hospital bathroom for yet another strip search.

25. At no point did any defendant officers find anything illegal on Mr. Pena or any other defendant.

26. Hours later, Mr. Pena was taken back to his cell for questioning.

27. After spending approximately 15 hours at the precinct, Mr. Fields and Mr. Peterson were taken to Central booking.

28. At the precinct, the officers falsely informed employees of the New

York County District Attorney's Office that they had observed plaintiffs commit various offenses, including obstructing governmental administration and disorderly conduct, and prepared false paperwork, including arrest reports.

29. At no point did the officers observe plaintiffs commit any crime or offense.

30. The charges against Devin Peterson were dismissed in their entirety on February 2, 2015.

31. The charges against Jason Manuel Pena were dismissed in their entirety on March 2, 2015.

32. Mr. Fields' charges were adjourned in contemplation of dismissal on June 12, 2014, and the charges against him were dismissed on September 8, 2014.

33. Plaintiffs suffered damages as a result of defendants' actions. Plaintiffs were deprived of their liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to their reputations.

## FIRST CLAIM
### Unlawful Stop and Search

34. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

35. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiffs without reasonable suspicion.

36. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages herein before alleged.

## SECOND CLAIM
## False Arrest

37. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

38. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiffs without probable cause.

39. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## THIRD CLAIM
## Malicious Prosecution

40. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

41. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiffs Peterson and Pena under 42 U.S.C. § 1983 for the violation of their constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

42. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiffs Peterson and Pena of their

constitutional rights. The prosecution by defendants of plaintiffs Peterson and Pena constituted malicious prosecution in that there was no basis for the plaintiffs' arrest, yet defendants continued with the prosecution, which was resolved in plaintiffs' favor.

43. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Unreasonable Force

44. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

45. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiffs.

46. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Denial Of Constitutional Right To Fair Trial

47. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

48. The individual defendants created false evidence against plaintiffs.

49. The individual defendants forwarded false evidence to prosecutors in the New York County District Attorney's office.

50. In creating false evidence against plaintiffs, and in forwarding false information to prosecutors, the individual defendants violated plaintiffs' right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

51. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Unlawful Strip Search

52. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

53. The defendants violated the Fourth and Fourteenth Amendments because they unlawfully subjected plaintiffs to strip searches without legal justification.

54. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Failure To Intervene

55. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

56. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent

such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

57. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth, Sixth and Fourteenth Amendments.

58. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs respectfully request judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:   March 20, 2015
         New York, New York

                              HARVIS WRIGHT & FETT LLP

                              _____
                              Gabriel Harvis
                              305 Broadway, 14th Floor
                              New York, New York 10007
                              (212) 323-6880
                              gharvis@hwf.nyc

                              *Attorneys for plaintiffs*